# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv331

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT OF )<br>COOK & BOARDMAN, INC., )<br>　　　　　　　　　　　　　　　)<br>　　　　**Plaintiff,**　　　　　　　 )<br>　　　　　　　　　　　　　　　)<br>Vs.　　　　　　　　　　　　　　)　　**ORDER**<br>　　　　　　　　　　　　　　　)<br>THE BROADBAND COMPANIES, )<br>LLC; FRED ANTHONY; and NORTH )<br>AMERICAN SPECIALTY INSURANCE )<br>COMPANY　　　　　　　　　　 )<br>　　　　**Defendants.**　　　　　　 )<br>_____ ) | |

**THIS MATTER** is before the court on North American Specialty Insurance Company's Motion for Extension of Time to Answer or Otherwise Plead. Such defendant's deadline for filing its Answer or other responsive pleading was due to be filed September 21, 2009, but it did not move until September 28, 2009, to enlarge the deadline. Such defendant states that it miscalculated the starting date of the 20 day response period based on the day it received notice of the action, September 8, 2009, and not the date such action was served on the North Carolina Department of Insurance. Realizing its error on September 23,2009, counsel for this defendant contacted counsel for plaintiff to secure his consent, however, such attorney advised

-1-

that he would be filing a motion for default and would not consent to this motion. On September 23, 2009, plaintiff filed such motion, which has not been reached by the Clerk of this court prior to the filing of the instant motion.

Inasmuch as the present motion is contested, plaintiff has 14 days within which to file a response. The court will await either plaintiff's response or a notice that it does not intend to respond. If it elects to respond, counsel for plaintiff is advised that the court will be guided, as it has in the past, by Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993), which held that while misunderstanding or rules is not usually a basis for excusable neglect, " 'excusable neglect' may extend to inadvertent delays . . ." and "that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id., at 391. See also Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (citation omitted)(addressing the disfavor in which the courts of the Fourth Circuit hold judgments reached by default).

**ORDER**

**IT IS, THEREFORE, ORDERED** that North American Specialty Insurance Company's Motion for Extension of Time to Answer or Otherwise Plead (#24) is **HELD IN ABEYANCE** pending a response from plaintiff or notice that it does not

intend to respond.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Entry of Default is **HELD IN ABEYANCE** as to North American Specialty Insurance Company pending resolution of such defendant's Motion for Extension of Time to Answer or Otherwise Plead.

Signed: September 29, 2009

Dennis L. Howell
United States Magistrate Judge